# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ROBERT McGUIRE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 09-6755** |
| **LAFOURCHE PARISH WORK-RELEASE FACILITY, ET AL.** | **SECTION: "C"(3)** |

## PARTIAL REPORT AND RECOMMENDATION

Plaintiff, Robert McGuire, a state prisoner, filed this *pro se* complaint against the Lafourche Parish Work-Release Facility, Sheriff Craig Webre, Captain Milfred Zeringue, Lieutenant Leclair, the Louisiana Department of Public Safety and Corrections, Secretary James LeBlanc, and three unidentified officers.[1] In this lawsuit, plaintiff claims that he was wrongfully denied participation in a prison work-release program due to a physical disability.

### I. Standards of Review

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Regarding such lawsuits, federal law further requires:

---

[1] The lawsuit was originally filed in the United States District Court for the Western District of Louisiana; however, it was subsequently transferred to this Court.

On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
(2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –

(i) is frivolous or malicious;
(ii) fails to state a claim on which relief may be granted; or
(iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In making a determination as to whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the

allegations in the complaint are true (even if doubtful in fact)." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted), cert. denied, 128 S. Ct. 1230 and 1231 (2008). The United States Supreme Court recently explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citations and quotation marks omitted).

Although broadly construing plaintiff's complaint,[2] the Court nevertheless finds that many of his claims should be dismissed as frivolous, for failing to state a claim on which relief may be granted, and/or for seeking monetary damages against a defendant who is immune from such relief.

## II. Plaintiff's Allegations

In this lawsuit, plaintiff alleges that he suffers from an unspecified physical disability which requires him to use a crutch and which impairs his ability to stand for prolonged periods. On August 18, 2009, he was transferred from a state prison to the Lafourche Parish Work-Release Facility. Upon his arrival at the latter facility, he was told that he would not be able to participate in the work-release program if he had to use the crutch. Lieutenant Leclair explained that the only work-release jobs were on garbage trucks or off-shore and that a person using a crutch would not be able to perform those jobs. Plaintiff then spoke to the facility's director, Captain Zeringue, who explained

---

[2] The court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

3

that those were the only jobs available and that the facility does not locate "office jobs" for prisoners. Zeringue stated that he could not get a prisoner on crutches hired for a work-release job. Zeringue then contacted an unknown person at the Louisiana Department of Public Safety and Corrections, who allegedly stated that plaintiff should never have been transferred to the work-release program. Plaintiff was then immediately transferred back to a state prison.

Plaintiff claims that the decision to exclude him from the work-release program due to his physical disability violated his rights under 42 U.S.C. § 1983, the Americans with Disabilities Act, and state law.

### III. § 1983 Claims

In pertinent part, 42 U.S.C. § 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

42 U.S.C. § 1983. Therefore, the United States Fifth Circuit Court of Appeals has noted:

> To state a claim under section 1983, a plaintiff must allege facts tending to show (1) that he has been deprived of a right secured by the Constitution and the laws of the United States, and (2) that the deprivation was caused by a person or persons acting under color of state law.

Bass v. Parkwood Hospital, 180 F.3d 234, 241 (5th Cir. 1999) (emphasis added) (quotation marks omitted).

### A. § 1983 Claim Against the Lafourche Parish Work-Release Facility

To the extent that plaintiff is asserting a claim against the Lafourche Parish Work-Release Facility pursuant to 42 U.S.C. § 1983, that claim must be dismissed because the facility is not a "person" subject to suit under that statute. See Wetzel v. St. Tammany Parish Jail, 610 F.Supp.2d 545, 548-49 (E.D. La. 2009); Martinez v. Larpenter, Civ. Action No. 05-874, 2005 WL 3549524, at *5 (E.D. La. Nov. 1, 2005); Cullen v. DuPage County, No. 99-C-1296, 1999 WL 1212570, at *1 (N.D. Ill. Dec. 14, 1999); Whitley v. Westchester County Correctional Facility Administration, No. 99-CIV-0420(SS), 1997 WL 659100, at *7 (S.D.N.Y. Oct. 22, 1997); Powell v. Cook County Jail, 814 F.Supp. 757, 758 (N.D. Ill. 1993); Brooks v. Pembroke City Jail, 722 F.Supp. 1294, 1301 (E.D.N.C. 1989); Mitchell v. Chester County Farms Prison, 426 F. Supp. 271, 274 (E.D. Pa. 1976).

Accordingly, plaintiff's § 1983 claim against the Lafourche Parish Work-Release Facility must be dismissed.

### B. § 1983 Claim Against the Louisiana Department of Public Safety and Corrections

To the extent that plaintiff is asserting a § 1983 claim against the Louisiana Department of Public Safety and Corrections, that claim must be dismissed for two reasons.

First, the Louisiana Department of Public Safety and Corrections is a state agency and, as such, is not a "person" subject to suit under 42 U.S.C. § 1983. Will v. Michigan Department of State Police, 491 U.S. 58, 66 (1989); Hyatt v. Sewell, 197 Fed. App'x 370 (5th Cir. 2006); Cronen v. Texas Dep't of Human Services, 977 F.2d 934, 936 (5th Cir. 1992); Levy v. Office of Legislative Auditor, 362 F.Supp.2d 729, 735 (M.D. La. 2005); Goins v. State of Louisiana, Civ. Action No. 04-

1159, 2004 WL 2694899, at *2 (E.D. La. Nov. 22, 2004); Greer v. Tran, Civ. Action No. 02-3145, 2003 WL 21467558, at *2 (E.D. La. June 23, 2003).

Second, in any event, § 1983 claims against a Louisiana state agency are barred by the Eleventh Amendment. The United States Fifth Circuit Court of Appeals has noted:

> The Eleventh Amendment bars a state's citizens from filing suit against the state or its agencies in federal courts. When a state agency is the named defendant, the Eleventh Amendment bars suits for both money damages and injunctive relief unless the state has waived its immunity. By statute, Louisiana has refused any such waiver of its Eleventh Amendment sovereign immunity regarding suits in federal court. See La.Rev.Stat.Ann. § 13:5106(A).
> Furthermore, Congress may only abrogate a state's Eleventh Amendment immunity by unequivocally expressing its intent to do so and by acting pursuant to a valid exercise of power. We note that in enacting § 1983, Congress did not explicitly and by clear language indicate on its face an intent to sweep away the immunity of the States.

Cozzo v. Tangipahoa Parish Council-President Government, 279 F.3d 273, 280-81 (5th Cir. 2002) (quotation marks and citations omitted); see also Champagne v. Jefferson Parish Sheriff's Office, 188 F.3d 312, 313-14 (5th Cir. 1999).

Accordingly, plaintiff's § 1983 claim against the Louisiana Department of Public Safety and Corrections must be dismissed.

C. § 1983 Claim Against James LeBlanc in His Official Capacity for Monetary Damages

To the extent that plaintiff is asserting an official-capacity § 1983 claim for monetary damages against James LeBlanc, the Secretary of the Louisiana Department of Public Safety and Corrections, that claim similarly fails. State officials and employees sued in their official capacities for monetary damages are not "persons" subject to suit under 42 U.S.C. § 1983. Will, 491 U.S. at 71; Stotter v. University of Texas, 508 F.3d 812, 821 (5th Cir. 2007); Searls v. Louisiana, Civ.

Action No. 08-4050, 2009 WL 653043, at *6 (E.D. La. Jan. 21, 2009); Demouchet v. Rayburn Correctional Center, Civ. Action No. 07-1694, 2008 WL 2018294, at *3 (E.D. La. May 8, 2008). Moreover, in any event, because a § 1983 claim against a state official or employee in his official capacity for monetary damages is actually a claim against the state itself, such a claim is likewise barred by the Eleventh Amendment. Williams v. Thomas, 169 Fed. App'x 285, 286 (5th Cir. 2006); Searls, 2009 WL 653043, at *6; Demouchet, 2008 WL 2018294, at *3.

### D. Remaining § 1983 Claims

As to any § 1983 claim against LeBlanc for prospective declaratory relief in his official capacity,[3] any § 1983 claim against LeBlanc in his individual capacity, and the § 1983 claims against Sheriff Craig Webre, Captain Milfred Zeringue, and Lieutenant Leclair in their official and individual capacities, those claims must also be dismissed because plaintiff's underlying § 1983 claim is frivolous. As previously noted, a federal constitutional violation is required to support a § 1983 claim, and it is clear that a prisoner has no constitutional right to participate in a work-release program. Oglesby v. Gusman, Civ. Action No. 09-3593, 2009 WL 3254145, at *2 (E.D. La. Oct. 7, 2009); Hack v. Corrections Corporation of America, Civ. Action No. 09-413, 2009 WL 1793525, at *2 (W.D. La. June 19, 2009); LeCompte v. Louisiana, No. 09-CV-161, 2009 WL 1664492 (W.D. La. June 12, 2009); Ware v. Batson, Civ. Action No. 07-cv-1705, 2008 WL 2773604, at *2 (W.D. La. July 17, 2008).

---

[3] A state official or employee sued in his official capacity is considered a "person" with respect to a § 1983 claim for relief which is declaratory or injunctive in nature and prospective in effect, and the Eleventh Amendment does not bar such a claim. See Stotter, 508 F.3d at 821; Aguilar v. Texas Department of Criminal Justice, 160 F.3d 1052, 1054 (5th Cir. 1998).

7

IV. Americans With Disabilities Act

Plaintiff also alleges that his exclusion from the work-release program violates his rights under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq*.[4] Regarding such claims, the United States Supreme Court has held:

> Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." § 12132 (2000 ed.). A "'qualified individual with a disability'" is defined as "an individual with a disability who, with or without reason modifications to rules, policies, or practices, the removal of architectural, communication, or transportation barriers, or the provision of auxiliary aids and services, meets the essential eligibility requirements for receipt of services or the participation in programs or activities provided by a public entity." § 12131(2). The Act defines "'public entity'" to include "any State or local government" and "any department, agency, ... or other instrumentality of a State," § 12131(1).

United States v. Georgia, 546 U.S. 151, 153-54 (2006). State and local correctional facilities are covered under Title II. Pennsylvania Department of Corrections v. Yeskey, 524 U.S. 206, 210 (1998); Robertson v. Las Animas County Sheriff's Department, 500 F.3d 1185, 1193 (10th Cir. 2007).

A. ADA Claim against the Lafourche Parish Work-Release Facility

Again, the Lafourche Parish Work-Release Program is merely a building, not a distinct juridical entity capable of being sued. See Wetzel v. St. Tammany Parish Jail, 610 F. Supp. 2d 545, 548-49 (E.D. La. 2009). Accordingly, the ADA claim against that defendant must be dismissed.

---

[4] Although plaintiff cites to provisions of both Title I and Title II of the ADA, it appears that his claim, if any, falls within Title II.

### B. Individual-Capacity ADA Claims

To the extent that plaintiff is asserting individual-capacity claims against Sheriff Craig Webre, Captain Milfred Zeringue, Lieutenant Leclair, and Secretary James LeBlanc, those claims must likewise be dismissed. Individual-capacity claims are not allowed under the ADA. Joseph v. Port of New Orleans, Civil Action No. 99-1622, 2002 WL 342424, at *10 (E.D. La. Mar. 4, 2002) ("The majority of courts that have addressed the issue have held that the ADA does not permit claims against persons in their individual capacities."), aff'd, No. 02-30297, 2002 WL 31933280 (5th Cir. Dec. 27, 2002); see also Gonzales v. City of Corpus Christi, No. C.A. C-05-280, 2006 WL 1517507, at *5 (S.D. Tex. May 31, 2006), aff'd, 226 Fed. App'x 342 (5th Cir. 2007); Georgetown v. Tran, Civ. Action No. 01-1584, 2002 WL 818079, at *3 (E.D. La. Apr. 25, 2002).

### C. ADA Claims Against the Louisiana Department of Public Safety and Corrections and Secretary James LeBlanc in His Official Capacity

Because the Louisiana Department of Public Safety and Corrections is a state agency and because LeBlanc is a state official, the question arises as to whether the ADA claims against the agency and against LeBlanc in his official capacity would be barred by the Eleventh Amendment. For the following reasons, this Court is unable to make that determination at this stage of the proceedings.

The United States Supreme Court has held:

> In enacting the ADA, Congress "invoke[d] the sweep of congressional authority, including the power to enforce the fourteenth amendment ...." Moreover, the Act provides that "[a] State shall not be immune under the eleventh amendment to the Constitution of the United States from an action in [a] Federal or State court of competent jurisdiction for a violation of this chapter." We have accepted this latter statement as an unequivocal expression of Congress's intent to abrogate state sovereign immunity.

United States v. Georgia, 546 U.S. 151, 153-54 (2006) (citations omitted). The Supreme Court went on to hold that "insofar as Title II creates a private cause of action for damages against the States for conduct that *actually* violates the Fourteenth Amendment, Title II validly abrogates state sovereign immunity." Id. at 159. However, the Supreme Court expressly held open the question of whether Congress' purported abrogation of sovereign immunity was valid with respect to conduct that does *not* violate the Fourteenth Amendment. Id.[5] The Supreme Court, therefore, held that courts are to determine the following "on a claim-by-claim basis":

> (1) which aspects of the State's alleged conduct violated Title II; (2) to what extent such conduct also violated the Fourteenth Amendment; and (3) insofar as such misconduct violated Title II but did not violate the Fourteenth Amendment, whether Congress's purported abrogation of sovereign immunity as to that class of conduct is nevertheless valid.

Id.

In light of the Supreme Court's ruling, too many issues remain unresolved at this early state of the proceeding for this Court to determine whether plaintiff's ADA claim is frivolous. For example, it must be determined whether Title II is even implicated by considering whether plaintiff is in fact a "qualified individual with a disability" for the purposes of the ADA, whether he "meets the essential eligibility requirements" for participation in the work-release program and whether he was in fact denied participation in the program based on his disability. If it is determined that there is an otherwise colorable Title II claim, the Court must then determine whether the State's Eleventh

---

[5] That question remains relevant because "Title II prohibits a somewhat broader swath of conduct than the Constitution itself forbids." 546 U.S. at 160 fn.* (Stevens, J., concurring) (internal quotation marks omitted).

Amendment immunity has been validly abrogated with respect to claims such as the one plaintiff asserts in that his claim does not implicate a constitutional right. However, those and other relevant issues are more appropriately considered after further development of plaintiff's claims and the underlying facts rather than at this screening stage of the proceedings.

Accordingly, while the undersigned expresses no opinion as to the ultimate merit of the claims, it is recommended that, at least at this point, plaintiff be allowed to proceed on his ADA claims against the Louisiana Department of Public Safety and Corrections and Secretary James LeBlanc in his official capacity.

### D. Official-Capacity Claims Against Local Officials

Because of the same uncertainties regarding plaintiff's underlying ADA claims, the Court likewise recommends that, at least at this point, plaintiff's ADA claims be allowed to proceed against Sheriff Craig Webre, Captain Milfred Zeringue, and Lieutenant Leclair in their official capacities.

### V. State Law Claims

In his complaint, plaintiff also asserts state law claims against the named defendants. However, if a plaintiff's federal claims are dismissed, it is appropriate for the Court to decline to exercise supplemental jurisdiction over his state law claims. See 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim ... if ... the district court has dismissed all claims over which it has original jurisdiction."); see also Bass v. Parkwood Hospital, 180 F.3d 234, 246 (5th Cir. 1999) ("When a court dismisses all federal claims before trial,

the general rule is to dismiss any pendent claims."). Because it is not yet clear whether plaintiff has any viable federal claims, the Court defers any consideration of plaintiff's state law claims.

**RECOMMENDATION**

It is therefore **RECOMMENDED** that plaintiff's § 1983 claims be **DISMISSED WITH PREJUDICE**.

It is **FURTHER RECOMMENDED** that plaintiff's ADA claims against the Lafourche Parish Work-Release Facility and against Sheriff Craig Webre, Captain Milfred Zeringue, Lieutenant Leclair, and Secretary James LeBlanc in their individual capacities be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this twenty-ninth day of October, 2009.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**