UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ROBERT McGUIRE                                           CIVIL ACTION

VERSUS                                                   NO. 09-6755

LAFOURCHE PARISH WORK-RELEASE                            SECTION: "C"(3)
FACILITY, ET AL.

## REPORT AND RECOMMENDATION

Plaintiff, Robert McGuire, filed this *pro se* complaint against the Lafourche Parish Work-Release Facility, Sheriff Craig Webre, Captain Milfred Zeringue, Lieutenant Leclair, the Louisiana Department of Public Safety and Corrections, Secretary James LeBlanc, and three unidentified officers. In this lawsuit, plaintiff claimed that he was wrongfully denied participation in a prison work-release program due to a physical disability in violation of 42 U.S.C. § 1983, the Americans with Disabilities Act, and state law.

On October 30, 2009, the undersigned issued a Partial Report and Recommendation in this matter. It was recommended that plaintiff's § 1983 claims be dismissed with prejudice. It was further recommended that his ADA claims against the Lafourche Parish Work-Release Facility and against Secretary James LeBlanc, Sheriff Craig Webre, Captain Milfred Zeringue, and Lieutenant Leclair in their individual capacities also be dismissed with prejudice. That Partial Report and Recommendation is currently pending before the United States District Judge.

To this point, no recommendation has been made with respect to plaintiff's remaining claims, i.e. plaintiff's ADA claims against the Louisiana Department of Public Safety and Corrections, plaintiff's ADA claims against Secretary James LeBlanc, Sheriff Craig Webre, Captain Milfred Zeringue, and Lieutenant Leclair in their official capacities, and plaintiff's state law claims. It is now recommended that those remaining claims be dismissed for failure to prosecute.

Local Rule 41.3.1E provides:

> The failure of an attorney or pro se litigant to keep the court apprised of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned to the court for the reason of an incorrect address and no correction is made to the address for a period of 30 days.

More than thirty days ago, mail from this Court addressed to plaintiff at his address of record was returned by the United States Postal Service as undeliverable on October 29, 2009.[1] Moreover, plaintiff has not notified this Court of his current address, despite clearly being aware of his duty to do so. The complaint plaintiff signed contained the following declaration: "I understand that if I am released or transferred, it is my responsibility to keep the Court informed of my whereabouts and failure to do so may result in this complaint being dismissed with prejudice."[2] Because plaintiff has failed to meet that obligation, the Court has no way to advance this case on the docket.

In light of the foregoing, it is appropriate to dismiss plaintiff's remaining claims for want of prosecution. The authority of a federal trial court to dismiss a plaintiff's action because of failure to prosecute is clear. Link v. Wabash R.R., 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d

---

[1] Rec. Docs. 6 and 7. A subsequent mailing was also returned with an indication that plaintiff had been released from custody. Rec. Doc. 9.

[2] Rec. Doc. 1, p. 5.

1126 (5th Cir. 1988). The Federal Rules of Civil Procedure specifically provide that a court may, in its discretion, dismiss a plaintiff's action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or an order of the court and that such a dismissal is considered to be an adjudication on the merits. Fed.R.Civ.P. 41(b). The court's power to dismiss for want of prosecution should be used sparingly, although it may be exercised *sua sponte* whenever necessary to achieve the orderly and expeditious disposition of cases. Ramsay v. Bailey, 531 F.2d 706, 707 (5th Cir. 1976).

Because plaintiff is proceeding *pro se*, the Court need only consider his conduct in determining whether dismissal is proper under Rule 41(b). All mail sent to plaintiff by this Court has been returned as undeliverable, and he has failed to provide the Court with his current address despite acknowledging on his complaint that he was aware of his obligation to do so. Due solely to plaintiff's failure, this Court has no way to contact him, schedule a conference in this matter, or otherwise advance his case on the docket.

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's ADA claims against the Louisiana Department of Public Safety and Corrections, plaintiff's ADA claims against Secretary James LeBlanc, Sheriff Craig Webre, Captain Milfred Zeringue, and Lieutenant Leclair in their official capacities, and plaintiff's state law claims be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on

appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[3]

New Orleans, Louisiana, this first day of December, 2009.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

---

[3] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.